UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:22-cr-198-02 |
| -vs- | JUDGE DRELL |
| SALVADOR BUCIO (02) | MAGISTRATE JUDGE PEREZ-MONTES |

**O R D E R**

This matter comes before the court following an order granting the Government's motion for review and revocation of the release of Defendant Salvador Bucio a/k/a "Chico," which a magistrate judge in the District of Minnesota initially ordered. (Doc. 21). As explained more fully below, the magistrate judge assigned to this case in the Western District of Louisiana lacked authority to revoke another magistrate judge's release order. Therefore, the order granting the Government's motion for review and revocation of Defendant's release will be **VACATED**.

**I.   BACKGROUND**

On August 24, 2022, a federal grand jury in the Western District of Louisiana returned a two-count indictment charging Bucio and others with violations of and conspiracy to commit serious drug offenses, 21 U.S.C. §§. 841(a), (a)(1), (b)(1)(A)(viii), and 846. (Doc. 2). Bucio was arrested in Minnesota and made his initial appearance before Magistrate Judge Jon Huseby in the District of Minnesota on September 15, 2022. There, Bucio was represented by counsel from the Federal Public Defender's Office. (Doc. 19-1). The Government moved for detention and removal hearings, and Magistrate Judge Huseby ordered the hearings be set September 19, 2022 via video conference before Magistrate Judge David Schultz in Minneapolis, Minnesota. (Doc. 19-2). The Government requested Defendant be detained without bail pending trial in the Western District of

Louisiana. (Doc. 20). Magistrate Judge Schultz denied the Government's detention motion and released Bucio on a personal recognizance bond, subject to certain conditions, including daily communication with his supervising U.S. Probation Officer. (Docs. 19-4, 19-5). Bucio waived the removal hearing, and the District of Minnesota ordered that Defendant be "removed"[1] to the Western District of Louisiana for further proceedings. (Doc. 19-7). The record reflects an electronic minute entry indicating that Bucio was to appear before the Western District of Louisiana for arraignment on October 18, 2022 at 2:00 p.m. before Magistrate Judge Joseph Perez-Montes.[2] However, the documents received from the District of Minnesota contained no contact information for Bucio, and the record does not reflect that a summons was issued to him noticing him to appear for his arraignment. On September 21, 2022, the Government filed a motion for review and revocation of Magistrate Judge Schultz's release order. (Doc. 20). Magistrate Judge Perez-Montes granted the Government's motion the same day. (Doc. 21). The Government's motion hearing and Defendant's arraignment hearing, both scheduled for October 18, 2022, did not occur.

## II.   LAW & ANALYSIS

The Bail Reform Act of 1984 ("Bail Reform Act"), 18 U.S.C. § 3141, *et seq.*, provides a mechanism for challenging a release order prior to review by a court of appeals under 18 U.S.C. §

---

[1] Bucio was released on his own recognizance and was not remanded to the custody of the U.S. Marshals Service. As such, the language used in Magistrate Judge Schultz's "Order of Removal" is imprecise. The removal order, dated September 19, 2022, makes no mention of Bucio's arraignment in the Western District of Louisiana.

[2] The "Order Setting Conditions of Release" for Bucio, (Doc. 19-5), provides, "The Defendant must appear in court as required, and if convicted, must surrender as directed to serve a sentence that the Court may impose. The defendant must appear at [blank] on [blank]. *If blank, defendant will be notified of next appearance.*" (emphasis added). While Bucio may have been contacted and provided with a date for further proceedings in the Western District of Louisiana, the record does not reflect such communication.

3145(a) ("Section 3145(a)"). See United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003). The Government moved Magistrate Judge Perez-Montes for review and revocation of Magistrate Schultz's release under this provision. (Doc. 20). Magistrate Judge Perez-Montes, however, lacked authority to revoke the release order under Section 3145(a). Therefore, the revocation order will be **VACATED**.

A release order from a magistrate judge in an arresting district is only reviewable by the district judge of the charging district. Section 3145(a), the governing provision for review of release orders, reads in relevant part:

> If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal [sic] appellate court (1) the attorney for the Government may file, *with the court having original jurisdiction over the offense*, a motion for revocation of the order or amendment of the conditions of release . . . . The motion shall be determined promptly.

18 U.S.C. § 3145(a) (emphasis added). The statute is unclear which court(s) has (or have) "original jurisdiction over the offense." And the Fifth Circuit has not addressed this issue. Most circuits that have considered the issue have held that Section 3145(a) limits review to courts in the district in which charges are pending. See United States v. Vega, 438 F.3d 801, 803 (7th Cir. 2006) (collecting cases).

Having determined that Section 3145(a) is the proper mechanism for review, we next inquire who may conduct that review, *i.e.*, whether it is proper for a magistrate judge to review a release order issued by a different magistrate judge in a different district. The Tenth Circuit addressed this issue in United States v. Cisneros. In Cisneros, the defendant was arrested in Arizona based on a federal indictment returned in New Mexico. 328 F.3d at 612. A magistrate judge in the District of Arizona held a detention hearing and released the defendant on her own recognizance. Id. The defendant was subsequently arraigned before Magistrate Judge Don Svet in

3

the District of New Mexico who "adopted" the release conditions imposed by the Arizona magistrate judge. Id. at 612-13. Approximately one month later, the government moved Magistrate Judge Svet to revoke the defendant's release order. Id. at 613. Magistrate Judge Svet held a hearing, during which he considered the transcripts of the detention hearing in Arizona, as well as additional evidence introduced by the government. Id. At the conclusion of the hearing, Magistrate Judge Svet granted the government's motion and ordered the defendant be detained pending trial. Id. The defendant appealed this decision to the New Mexico district judge who, after conducting a hearing, affirmed. Id.

On appeal, the Tenth Circuit considered whether the government's motion before Magistrate Judge Svet invoked Section 3145, and if answered affirmatively, whether his review of the release order was proper. Id. at 614. The court held that it was improper for Magistrate Judge Svet to review a release order issued by a magistrate judge in a different district, because he lacked authority to do so. 328 F.3d at 615-16. The court explained that the motion should have been "considered and ruled upon in the first instance by a district judge in the court of original jurisdiction." Id. at 615 (internal citations omitted). We find the holding in Cisneros persuasive. Cisneros interpreted Section 3145(a) as authorizing a *district judge* to review a magistrate judge's order directly—not to confer the "same authority upon a magistrate judge in the charging district when the challenged order was issued by a magistrate judge in the arresting district." See id. at 615-16 (quoting United States v. Johnson, 858 F. Supp. 119, 122 (N.D. Ind. 1994)). This distinction suggests that Congress did not intend to vest magistrate judges with the authority to review the release orders of other magistrate judges. See United States v. Cannon, 711 F. Supp. 2d 602, 608 (E.D. Va. 2010). Moreover, the proposed construction of Section 3145(a) properly allocates supervisory authority over magistrate judge decisions to the district judge. See Cisneros,

328 F.3d at 616 ("The hierarchy suggested by § 3145(a) is consistent with . . . the continuing jurisdiction over the actions of magistrate judges that district court judges possess.") (internal citations omitted); see also United States v. Maull, 773 F.2d 1479, 1486 (8th Cir. 1985) (en banc) (stating, in the context of decision-making under Section 3145(a), that "the magistrate acts subsidiary to and only in aid of the district court" and that "the entire process takes place under the district court's total control and jurisdiction.") (internal quotation marks and citations omitted).

This court's interpretation of Section 3145(a) is also consistent with the review process contemplated by the Bail Reform Act. The statutory scheme provides for a maximum of two detention hearings. Cannon, 711 F. Supp. 2d at 607. The first occurs at the initial appearance (or shortly thereafter). Id. This hearing requires the presiding judge to make an initial determination whether the defendant is a flight risk or a danger to the community. See 18 U.S.C. § 3142(f). The initial decision to retain or release the defendant can be reviewed under two circumstances: (1) when the judge who made the initial decision "reopens" the detention hearing, id., or (2) upon motion by either the Government or the defendant in the charging district, 18 U.S.C. § 3145(a)-(b). See also Cannon, 711 F. Supp. 2d at 607. Allowing a magistrate judge to review the decision of another magistrate judge would essentially afford a party "three bites at the apple rather than the two bites contemplated by the Bail Reform Act." Id. at 607-08 (internal quotation marks omitted). The party could seek a detention hearing before the magistrate judge in the arresting district, before the magistrate judge in the charging district, and then on appeal before the district judge in the charging district.[3] If Congress intended to provide a third bite at the apple based solely

---

[3] Because the district judge is required to review the magistrate judge's decision *de novo*, the district judge can, but need not, hold another detention hearing. See United States v. Fortna, 769 F.2d 243, 249 (5th Cir. 1985) (finding that *de novo* review is appropriate under Sections 3145(a) and 3145(b)).

5

on whether the defendant was arrested outside of the charging district, the Bail Reform Act would have demanded it. Id. at 608. Nothing in the above citations appears to prevent the district judge in the charging jurisdiction from referring such matters to a magistrate judge for hearing. However, even that did not occur in this case.

### III.     CONCLUSION

For the foregoing reasons, Magistrate Judge Perez-Montes lacked authority under 18 U.S.C. § 3145(a) to review and revoke the release order of Magistrate Schultz of the District of Minnesota. Accordingly, the order is **VACATED**. Nothing in this order forecloses the Government from refiling its motion seeking review and revocation of Magistrate Judge Schultz's release order before the undersigned. Should the Government so choose, it must file its motion within **seven (7) days** of this order.

THUS DONE AND SIGNED at Alexandria, Louisiana this 19th day of October 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT